UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BERTHA PELLEGRIN** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 19-2093** |
| **BP EXPLORATION & PRODUCTION INC. ET AL.** | **SECTION: "G"(5)** |

# ORDER

In this litigation, Plaintiff Bertha Pellegrin ("Plaintiff") seeks to recover damages from Defendants BP Exploration and Production, Inc. and BP America Production Company (collectively, "BP") for injuries she allegedly sustained while working in the response effort to the Deepwater Horizon oil spill.[1] Before the Court is "Plaintiff's Motion to Stay."[2] Defendants oppose the motion.[3] Considering the motion, the memoranda in support and opposition, the record, and the applicable law, the Court grants the motion.

## I. Background

This case arises out of the Deepwater Horizon oil spill that occurred on April 20, 2010.[4] On January 11, 2013, United States District Judge Carl J. Barbier, who presided over the multidistrict litigation arising out of the Deepwater Horizon incident, approved the Deepwater

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 50.

[3] Rec. Doc. 52.

[4] Rec. Doc. 1.

1

Horizon Medical Benefits Class Action Settlement Agreement ("MSA").[5] The MSA includes a Back-End Litigation Option ("BELO") that allows certain class members, including clean-up workers who follow certain procedures set forth in the MSA, to sue BP for later-manifested physical conditions.[6]

Plaintiff filed a BELO Complaint in the United States District Court for the Eastern District of Louisiana on March 6, 2019.[7] In the Complaint, Plaintiff alleges that she was exposed to "oil, dispersants, and other harmful chemicals" while performing "Response Activities" to the Deepwater Horizon oil spill as a "Clean-up Worker."[8] Plaintiff claims that this alleged exposure resulted in "permanent injuries and [Plaintiff] was first diagnosed with Lichen Simplex Chronicus on July 27, 2017."[9]

On September 12, 2019, this case was transferred from Judge Barbier (Section "J" of this Court) and randomly reallotted to Chief Judge Nannette Jolivette Brown (Section "G" of this Court).[10] On March 22, 2021, Plaintiff filed the instant motion to stay.[11] In the motion, Plaintiff seeks to stay this case for 90 days.[12] On April 1, 2021, BP filed an opposition to the instant

---

[5] *See Brown v. BP Expl. & Prod. Inc.*, 2019 WL 2995869, at *1 (E.D. La. July 9, 2019).

[6] *Id.*

[7] Rec. Doc. 1.

[8] *Id.* at 5–6.

[9] *Id.* at 6.

[10] Rec. Doc. 9.

[11] Rec. Doc. 50.

[12] *Id.* at 1. Plaintiff also requests a status conference at the expiration of the proposed stay.

motion.[13]

## II. Parties' Arguments

*A.     Plaintiff's Arguments in Support of the Motion to Stay*

Plaintiff requests that the Court stay the instant case for a period of 90 days because on February 23, 2021, Plaintiff filed a Notice of Intent to Sue ("NOIS") raising a new claim of a Later Manifested Medical Condition ("LPMC") arising out of the oil spill at issue in this litigation.[14] Specifically, Plaintiff alleges a new medical condition of Atopic Dermatitis diagnosed on January 20, 2020.[15] According to Plaintiff, the new claim must first be considered by the Claims Administrator during the pre-suit process set forth by the MSA.[16] Plaintiff contends that the pre-suit procedure will take at least 90 days and if the claim is not resolved during the pre-suit process, Plaintiff is permitted under the MSA to bring the new claim in the instant litigation.[17] Therefore, Plaintiff requests a stay to effectively adjudicate all claims involving the parties to the instant action.[18]

*B.     BP's Arguments in Opposition to the Motion to Modify the Scheduling Order*

In opposition to the instant motion, BP argues that a stay is "inappropriate and futile" because Plaintiff's NOIS is untimely under the MSA, meaning that Plaintiff's new medical claim

---

[13] Rec. Doc. 52.

[14] Rec. Doc. 50-1 at 3.

[15] *Id.*

[16] *Id.* at 2–3.

[17] *Id.* at 3–4.

[18] *Id.* at 4.

"will not survive the claims administration process" or the "120-day process for new BELO lawsuits."[19] According to BP, Plaintiff will suffer no hardship from a denial of the stay request.[20]

### III. Law and Analysis

Pursuant to United States Supreme Court and Fifth Circuit precedent, it is well settled that a district court has the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,"[21] and that this authority includes the district court's wide discretion to grant a stay in a pending matter.[22] "Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'"[23] On a motion to stay a proceeding, the moving party bears the burden to show that a stay is warranted.[24] As the Fifth Circuit has held, when "the interests of justice seem[] to require such action," a court may exercise its discretion to stay civil proceedings, postpone discovery, or impose protective orders and conditions.[25] The Supreme Court has instructed that a party requesting a stay "must make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay would harm another

---

[19] Rec. Doc. 52 at 5.

[20] *Id.* at 6.

[21] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[22] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

[23] *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis*, 299 U.S. at 254–55).

[24] *See Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982); *Drummond v. Fulton Cty. Dep't of Family & Children's Servs.*, 532 F.2d 1001, 1002 (5th Cir. 1976).

[25] *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *see also Mayo v. Tri-Bell Indus.*, 787 F.2d 1007, 1012 (5th Cir. 1986).

party."[26] Nonetheless, "these considerations are counsels of moderation rather than limitations upon power."[27]

Here, the Court finds that Plaintiff has shown that a stay of this matter is warranted. Under the MSA, claimants are only allowed to file a BELO action after the Claims Administrator determines that the NOIS complies with the terms of the MSA and after BP declines to mediate the claim.[28] Plaintiff submitted a new NOIS to the Claims Administrator on February 23, 2021.[29] The Claims Administrator issued a notice of BP's election not to mediate on April 23, 2021.[30] The notice issued by the Claims Administrator states that Plaintiff must file any BELO lawsuit within six months of the date of this notice pursuant to the terms of the MSA.[31] Allowing the case to proceed before Plaintiff is afforded an opportunity to amend the complaint could result in duplicative litigation, and it is unclear whether Plaintiff would be barred from raising these claims in subsequent litigation. Therefore, the Court finds that a stay would promote judicial economy and efficient administration of this case.

BP argues that a stay is not warranted because Plaintiff's second NOIS was untimely and will be denied by the MSA Claims Administrator. However, the notice issued by the MSA Claims Administrator in response to the NOIS filed by Plaintiff on February 23, 2021 states that Plaintiff

---

[26] *Ates v. Delta Air Lines, Inc.*, No. 15-3228, 2015 WL 5774979, at *3 (E.D. La. Sept. 30, 2015) (Brown, J.) (citing *Landis*, 299 U.S. at 255).

[27] *Id.* (citing *Landis*, 299 U.S. at 255) (internal quotation marks omitted).

[28] MDL No. 2179, Rec. Doc. 6427-1 § II.UUU., at 21.

[29] Rec. Doc. 50-1 at 2.

[30] Rec. Doc. 53-1 at 1.

[31] *Id.*

may proceed to file a BELO lawsuit for the claim based on the LPMC of Atopic Dermatitis.

For these reasons, the Court will exercise its discretion and stay this matter for 90 days. Accordingly,

**IT IS ORDERED** that the "Plaintiff's Motion to Stay" filed by Plaintiff Bertha Pellegrin[32] is **GRANTED** and this matter is **STAYED** and **ADMINISTRATIVELY CLOSED** for a period of 90 days from the date of this Order.

**IT IS FURTHER ORDERED** that upon the expiration of 90 days from the date of this Order, the parties are to provide an update to the Court regarding the status of Plaintiff's BELO lawsuit. At that time, the parties may also request a status conference with the Court.

**NEW ORLEANS, LOUISIANA**, this __3rd__ day of May, 2021.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[32] Rec. Doc. 50.